```
JUDGE KAPLAN
MICHAEL J. GARCIA                    08 CV 7233
United States Attorney for the
Southern District of New York
By: MARCIA S. COHEN
    SHARON COHEN LEVIN
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Telephone: (914) 993-1902
           (212) 637-1060
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    Plaintiff,

  -against-

TWO PAINTINGS, ONE TITLED "TIBET GIRL"
BY ARTIST AI XUANG AND ONE TITLED
"GRANDAD'S CHAIR," FORMERLY KNOWN AS
"GIRL WITH THE KEY," BY ARTIST FEIYUN
YANG

    Defendant-in-rem.

---

VERIFIED COMPLAINT

08 Civ.



    Plaintiff United States of America, by its attorney, MICHAEL J. GARCIA, United States Attorney for the Southern District of New York, for its complaint alleges, upon information and belief, as follows:

    I.   JURISDICTION AND VENUE

    1.   This action is brought by the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984, seeking the forfeiture of TWO PAINTINGS, ONE TITLED "TIBET GIRL" BY ARTIST AI XUANG AND ONE TITLED "GRANDAD'S CHAIR," FORMERLY KNOWN



AS "GIRL WITH THE KEY," BY ARTIST FEIYUN YANG (the "Defendant Property").

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue is proper pursuant to 28 U.S.C. § 1355 because acts and omissions giving rise to the forfeiture occurred in the Southern District of New York.

4. Copies of the seizure warrant are attached hereto as Exhibit A. On or before January 30, 2008, the Beijing China Police Department seized the Defendant Property. On July 9, 2008, United States Magistrate Judge Fox issued a warrant for the seizure of the Defendant Property pursuant to 18 U.S.C. § 981(a)(1)(C) and 22 U.S.C. § 401(a).

II. PROBABLE CAUSE FOR FORFEITURE

The Investigation

5. Based on conversations between the Federal Bureau of Investigation ("FBI") with members of the Dobbs Ferry Police Department in Dobbs Ferry, New York, and review of their case file, it was found that, in December 1997, an individual ("Victim") reported to the Dobbs Ferry Police Department the theft of eleven paintings from the Victim's residence in Dobbs Ferry. These paintings included the Defendant Property. According to the Victim, the Victim purchased all eleven paintings from the artist, YUKI WANG. Nine of the eleven paintings (and all of the paintings except for those comprising

the Defendant Property) were painted by YUKI WANG. According to the Victim, after the Victim purchased the paintings and before the theft of the eleven paintings occurred, YUKI WANG contacted the Victim, stated that the paintings had been underpriced, and requested additional compensation.

6. Based on further conversations with the Dobbs Ferry Police Department and review of their investigative files, the FBI learned that in 1997, the value of the painting, "Tibet Girl," was estimated at approximately $15,000 and the value of the painting, "Girl With The Key," was estimated at approximately $50,000.

7. Additional conversations with the Dobbs Ferry Police Department and review of their investigative files, the FBI learned that YUKI WANG had a key to the Victim's residence and that the crime scene investigation revealed no forced entry. Following the theft, the Victim contacted YUKI WANG and advised YUKI WANG that the paintings had been stolen. According to the Victim, YUKI WANG suggested that, if the Victim provided YUKI WANG with additional money, good things might come to the Victim in reference to the missing paintings.

8. Upon further review of the Dobbs Ferry Police Department investigative files, the FBI learned that in or about November 2007, the Victim discovered that the China Guardian Auction House had listed the painting entitled "The Tibet Girl," by artist Ai Xuang, for auction. Following that discovery, the

Victim alerted authorities in Beijing, China and the Dobbs Ferry Police Department.

9. On May 20, 2008, the FBI was informed by an individual employed by the Department of Justice, Office of International Affairs, that Chinese officials had advised the Department of Justice, Office of International Affairs that an artist named YUKI WANG consigned the Defendant Property to China Guardian Auction House in July 2007. China Guardian Auction House is a private establishment in China that offers artwork for auction to buyers.

10. Based on conversations with the Dobbs Ferry Police Department, the FBI learned that the painting, "Tibet Girl, was sold at auction by the China Guardian House for approximately $350,000, prior to its seizure by the Beijing, China Police in connection with this investigation. The painting, "Girl With The Key," was not sold at auction prior to its seizure by the Beijing, China Police.

### III. CLAIM FOR FORFEITURE

11. Plaintiff repeats, realleges and incorporates by reference herein each and every allegation contained in paragraphs one through ten of this Verified Complaint.

12. Title 18, United States Code, Section 981(a)(1)(C) subjects to forfeiture "any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section . . . 2314."

13. Title 18, United States Code, Section 2314 provides that

> [w]hoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted, or taken by fraud" shall be subject to criminal penalties.

14. Title 22, United States Code, Section 401(a) provides in pertinent part:

> Whenever an attempt is made to export or ship From or take out of the United States any arms or munitions of war or other articles in violation of law, or whenever it is known or there shall be probable cause to believe that any arms or munitions of war or other articles are intended to be or are being or have been exported or removed from the United States in violation of law, the Secretary of the Treasury, or any person duly authorized for the purpose by the President, may seize and detain such arms or munitions of war or other articles . . . .

This section includes arms, munitions and "other articles" and has been consistently applied to any items destined for unlawful export. United States v. Ajlouny, 629 F.2d 830, 835 (2d Cir.), cert. denied, 449 U.S. 1111 (1980).

15. The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 2314, 981(a)(1)(C) and 22 U.S.C. § 401(a) because there is probable cause to believe that the Defendant Property is property valued at more than $5,000 and transported in foreign commerce knowing the same to have been stolen. Further, the Defendant Property was exported out of the United States in violation of law.

16. By reason of the foregoing, the Defendant Property

became and is subject to forfeiture to the United States of America, pursuant to 18 U.S.C. § 2314, 981(a)(1)(C) and 22 U.S.C. § 401(a).

WHEREFORE, Plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant Property and that all persons having an interest in the Defendant Property be required to appear and show cause why the forfeiture of the Defendant Property should not be decreed, that this Court decree forfeiture of the Defendant Property to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as it may deem just and proper, together with the costs and disbursements of this action.

Dated:  New York, New York
        August 13, 2008

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the Plaintiff
United States of America

By: _____
MARCIA S. COHEN
SHARON COHEN LEVIN
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Telephone: (914) 993-1902
           (212) 637-1060

VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK           )
SOUTHERN DISTRICT OF NEW YORK )

  Matthew Bertron, being duly sworn, deposes and says that he is a Special Agent of the Federal Bureau of Investigation and as such has responsibility for the within action; that he has read the foregoing Verified Complaint and knows the contents thereof, and that the same is true to the best of his own knowledge, information and belief.

  The sources of deponent's information and the ground of his belief are official records and files of the United States and information obtained directly and indirectly by deponent during an investigation of alleged violations of Title 18, United States Code.

            _____
            MATTHEW BERTRON
            Special Agent
            Federal Bureau of Investigation

Sworn to before me this
_13_ day of August, 2008:

_____
NOTARY PUBLIC

EVA ALEXANDER
Notary Public, State of New York
No. 60-4800535
Qualified in Westchester County
Commission Expires March 30, 20_11_

# EXHIBIT A

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: MARCIA S. COHEN
    SHARON COHEN LEVIN
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Telephone: (914) 993-1902
         (212) 637-1060

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  -against-<br><br><br>TWO PAINTINGS, ONE TITLED "TIBET GIRL" BY ARTIST AI XUANG AND ONE TITLED "GRANDAD'S CHAIR," FORMERLY KNOWN AS "GIRL WITH THE KEY," BY ARTIST FEIYUN YANG<br><br>        Defendant-in-rem. | AFFIDAVIT IN SUPPORT OF SEIZURE WARRANT IN-REM PURSUANT TO 18 U.S.C. §§ 2314, 981(a)(1)(C) AND 22 U.S.C. § 401(a)<br><br>Mag. No. 1516 |

       MATTHEW BERTRON, a Special Agent with the Federal Bureau of Investigation, New York Field Office, being duly sworn, deposes and states:

       1.   I have been a Special Agent with the Federal Bureau of Investigation for approximately the past nine years. In this capacity, I have participated in investigations involving thefts of art, interstate and international transportation of stolen property, and other crimes. This affidavit is based upon my personal participation in this investigation, my conversations with FBI agents and other law enforcement agents, and my review of law enforcement reports and other documents. Because this

affidavit is being submitted for a limited purpose, I have not included the details of every aspect of this investigation. Where the contents of conversations or documents are related herein, they are related in substance and in part only.

  2. This affidavit is submitted in support of the Government's application for the issuance of a warrant to seize and forfeit TWO PAINTINGS, ONE TITLED "TIBET GIRL" BY ARTIST AI XUANG AND ONE TITLED "GRANDAD'S CHAIR," FORMERLY KNOWN AS "GIRL WITH THE KEY," BY ARTIST FEIYUN YANG (the "Defendant Property") pursuant to 18 U.S.C. §§ 2314 and 981(a)(1)(C), and 22 U.S.C. § 401(a), because there is probable cause to believe that the Defendant Property is valued at more than $5,000 and was transported in foreign commerce knowing it was stolen and was exported out of the United States in violation of law.

The Investigation

  3. Based on my conversations with members of the Dobbs Ferry Police Department in Dobbs Ferry, New York, and review of their case file, I am aware that, in December 1997, an individual ("Victim") reported to the Dobbs Ferry Police Department the theft of eleven paintings from the Victim's residence in Dobbs Ferry. These paintings included the Defendant Property. According to the Victim, the Victim purchased all eleven paintings from the artist, YUKI WANG. Nine of the eleven paintings (and all of the paintings except for those comprising

2

the Defendant Propery) were painted by YUKI WANG. According to the Victim, after the Victim purchased the paintings and before the theft of the eleven paintings occurred, YUKI WANG contacted the Victim, stated that the paintings had been underpriced, and requested additional compensation.

    4.    Based on my conversations with the Dobbs Ferry Police Department and my review of their investigative files, I am aware that, in 1997, the value of the painting, "Tibet Girl," was estimated at approximately $15,000 and the value of the painting, "Girl With The Key," was estimated at approximately $50,000. Based on my conversations with the Dobbs Ferry Police Department and my review of their investigative files, I am aware that YUKI WANG had a key to the Victim's residence and that the crime scene investigation revealed no forced entry. I am further aware that, following the theft, the Victim contacted YUKI WANG and advised YUKI WANG that the paintings had been stolen. According to the Victim, YUKI WANG suggested that, if the Victim provided YUKI WANG with additional money, good things might come to the Victim in reference to the missing paintings.

    5.    Based on my review of the Dobbs Ferry Police Department investigative files, I am aware that, in or about November 2007, the Victim discovered that the China Guardian Auction House had listed the painting entitled "The Tibet Girl," by artist Ai Xuang, for auction. Following that discovery, the

Victim alerted authorities in Beijing, China and the Dobbs Ferry Police Department.

6. On May 20, 2008, I was informed by an individual employed by the Department of Justice, Office of International Affairs, that Chinese officials had advised the Department of Justice, Office of International Affairs that an artist named YUKI WANG consigned the Defendant Property to China Guardian Auction House in July 2007. China Guardian Auction House is a private establishment in China that offers artwork for auction to buyers. Based on my conversations with the Dobbs Ferry Police Department, I understand that the painting, "Tibet Girl, was sold at auction by the China Guardian House for approximately $350,000, prior to its seizure by the Beijing, China Police in connection with this investigation. The painting, "Girl With The Key," was not sold at auction prior to its seizure by the Beijing, China Police.

<u>Statutory Authority</u>

7. The statutory provisions pursuant to which the Defendant Property is subject to seizure and forfeiture are described below.

8. Title 18, United States Code, Section 981(a)(1)(C) subjects to forfeiture "any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section . . . 2314".

4

9. Title 18, United States Code, Section 2314 provides that

> [w]hoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted, or taken by fraud" shall be subject to criminal penalties.

10. Title 22, United States Code, Section 401(a) provides in pertinent part:

> Whenever an attempt is made to export or ship From or take out of the United States any arms or munitions of war or other articles in violation of law, or whenever it is known or there shall be probable cause to believe that any arms or munitions of war or other articles are intended to be or are being or have been exported or removed from the United States in violation of law, the Secretary of the Treasury, or any person duly authorized for the purpose by the President, may seize and detain such arms or munitions of war or other articles . . . .

This section includes arms, munitions and "other articles" and has been consistently applied to any items destined for unlawful export. United States v. Ajlouny, 629 F.2d 830, 835 (2d Cir.), cert. denied, 449 U.S. 1111 (1980).

11. For the foregoing reasons, there is probable cause to believe that the Defendant Property is subject to seizure and forfeiture pursuant to the above provisions because the Defendant Property is property valued at more than $5,000 and transported in foreign commerce knowing the same to have been stolen. Further, the Defendant Property was exported out of the United

5

States in violation of law. Therefore, I respectfully request that a seizure warrant be issued for the Defendant Property.

Dated:   White Plains, New York
         July , 2008

_____
Special Agent Matthew Bertron
Federal Bureau of Investigation

Sworn to before me this
9th day of July 2008:

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

MARK D. FOX
United States Magistrate Judge
Southern District of New York

6

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :
                                        SEIZURE WARRANT PURSUANT
            Plaintiff,              :   TO 18 U.S.C. §§ 2314,
                                        981(a)(1)(C) AND
          - v -                     :   22 U.S.C. § 401(a)

                                    :   Mag. No.

TWO PAINTINGS, ONE TITLED "TIBET    :
GIRL" BY ARTIST AI XUANG AND ONE
TITLED "GRANDAD'S CHAIR," FORMERLY  :
KNOWN AS "GIRL WITH THE KEY," BY
ARTIST FEIYUN YANG                  :
            Defendant-in-rem.
------------------------------------x
```

**WARRANT OF SEIZURE**

TO: ANY DESIGNATED OFFICER OF THE FEDERAL BUREAU OF INVESTIGATION OR ANY OTHER LAW ENFORCEMENT OFFICER AUTHORIZED BY LAW

An Affidavit having been made before me by Matthew Bertron, a Special Agent with the Federal Bureau of Investigation, that he has reason to believe that the property specified in the caption above are subject to seizure and civil forfeiture pursuant to 18 U.S.C. §§ 2314 and 981(a)(1)(C), and 22 U.S.C. § 401(a), and as I am satisfied that there is probable cause to believe that the property so described is subject to seizure and civil forfeiture pursuant to 18 U.S.C. §§ 2314 and 981(a)(1)(C), and 22 U.S.C. § 401(a);

YOU ARE HEREBY COMMANDED AND AUTHORIZED to seize, within ninety (90) days of the issuance of this warrant, the above-captioned property, by serving a copy of this warrant of seizure, by facsimile followed by personal or mail service, upon

any person presently in possession of such property, the property described as follows:

**TWO PAINTINGS, ONE TITLED "TIBET GIRL" BY ARTIST AI XUANG AND ONE TITLED "GRANDAD'S CHAIR," FORMERLY KNOWN AS "GIRL WITH THE KEY," BY ARTIST FEIYUN YANG**

YOU ARE FURTHER COMMANDED AND AUTHORIZED to prepare a written inventory of the property seized and promptly return this warrant and inventory before this Court as required by law.

Dated: White Plains, New York
       July 9, 2008

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

MARK D. FOX
United States Magistrate Judge
Southern District of New York

2